IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ZACHARY RYAN GILLMAN, )
                      )
         Plaintiff,   )
                      )
v.                    )   Case No. 16-CV-339-GKF-TLW
                      )
UNITED STATES OF AMERICA, )
                      )
         Defendant.   )

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Doc. No. 14] of defendant the United States. For the reasons set forth below, the motion is granted.

**I. Procedural Background**

On June 7, 2016, plaintiff Zachary Ryan Gillman ("Gillman") filed a complaint in this court seeking judicial review of the denial of his Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, claim by the Department of Veteran's Affairs ("VA"). [Doc. No. 1]. Specifically, Mr. Gillman's suit concerns "multiple sets of fake and[/]or falsified mental health information in [his] personal Veteran[']s Affairs medical file." [Doc. No. 1, p. 3]. On February 24, 2015, the United States moved to dismiss, citing, among other things, the first to file rule. [Doc. No. 14, pp. 1–3]. Gillman's response was initially due March 17, 2017. Receiving nothing, the court extended Gillman's time to respond to April 3, 2017, pursuant to N.D. Okla. Civ. R. 7.2(f). No response has been filed.

**II. Legal Standard**

"The 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." *See Buzas Baseball, Inc. v. Bd. of Regents of Univ. Syst. Of Ga.*, 189 F.3d 477 (Table)

(10th Cir. 1999) (unpublished). That rule "is grounded in the concepts of comity among federal courts and sound judicial administration." *See Chieftain Royalty Co. v. XTO Energy, Inc.*, No. CIV-11-29-FHS, 2011 WL 1533073, at *1 (E.D. Okla. Apr. 22, 2011). Indeed, "courts of coordinate jurisdiction and equal rank . . . must be careful to avoid interfering with each other's affairs in order" to avoid "the waste of duplication," "rulings which may trench upon the authority of sister courts," and "piecemeal resolution of issues that call for a uniform result." *See Buzas*, 189 F.3d at 477 (internal quotation marks and citation omitted).

To that end, courts applying applying the first-to-file rule consider: "(1) the chronology of the actions, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Chieftain*, 2011 WL 1533073, at *2. Application in such circumstances "'maximize[s] judicial economy and minimize[s] embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court.'" *See Cherokee Nation v. Nash*, 724 F.Supp.2d 1159, 1166 (N.D. Okla. 2010) (quoting *Cadel v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). In short, "where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court." *See O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

### III. Analysis

The first-to-file rule bars Mr. Gillman's suit here. Six months before filing the above-captioned matter, Mr. Gillman filed suit in the United States District Court for the District of Hawaii. That suit involves identical parties and issues. Indeed, the Amended Complaint in the

Hawaii action centers on the "multiple sets of fake and[/]or falsified mental health information in [Mr. Gillman's] personal Veterans Affairs medical," [Doc. No. 15, p. 4], that are the subject of Mr. Gillman's suit before this court, [Doc. No. 1, p. 3]. Moreover, Mr. Gillman articulates the same irreparable injuries and requests substantially similar relief in both cases. *Compare* [Doc. No. 15, pp. 5–6] *with* [Doc. No. 1, pp. 3–5]. Accordingly, this court will yield jurisdiction to the District Court for the District of Hawaii. *See Nash*, 724 F.Supp.2d at 1166.

WHEREFORE, the Motion to Dismiss [Doc. No. 14] of the United States is granted.

IT IS SO ORDERED this 4th day of April, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT